UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA

v.                                        Criminal No. 2:12cr192

AARON ANTHONY LUMPKIN,

        Defendant.

<u>MEMORANDUM ORDER</u>

This matter is before the Court on Defendant Aaron Anthony Lumpkin's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) due to: (1) Defendant's elderly father's deteriorating medical condition; and (2) the COVID-19 pandemic. ECF No. 294.  The Government filed several briefs/supplements in opposition to release, ECF Nos. 297, 298, 304, 306, and Defendant filed several amendments/supplements/replies, with Defendant having obtained leave of court to submit an "amended motion," ECF Nos. 299, 302, 303, 305, 311, 312.  For the reasons set forth below, Defendant's compassionate release motion is **DENIED** on the merits.

## A. Administrative Remedies

Pursuant to 18 U.S.C. § 3582(c)(1)(A), this Court has the authority to reduce a term of imprisonment when a federal inmate files a motion seeking "compassionate release" <u>after</u> exhausting administrative remedies through the Bureau of Prisons ("BOP").  18

U.S.C. § 3582(c)(1)(A) (emphasis added).[1]  Here, it is unclear from
the record precisely when Defendant first submitted an
administrative request for compassionate release, with the
Government contending that Defendant did not submit such a request
prior to filing his motion in this Court.   However, Defendant's
administrative request was submitted to the BOP no later than early
September of this year as it was denied on September 3, 2020.  ECF
No. 298-1.  Subsequently, Defendant obtained leave of court to file
an "amended motion" seeking compassionate release, with Defendant's
amended submission (labeled as a "reply" on the docket) filed  on
October 9, 2020.  ECF No. 303.  Because such amended pleading was
filed in this Court more than thirty days after Defendant filed his
administrative request, the Court finds that there is no procedural
obstacle to considering Defendant's compassionate release motion
on the merits.

## B. Merits

Defendant's motion and numerous supplements advance two
primary arguments in support of compassionate release:
(1) Defendant's ailing father needs around-the-clock care and
Defendant is the only family member available to take care of him;
and (2) the COVID-19 pandemic's negative impact on Defendant's
health.  As to the first argument, tragically, Defendant recently

---

[1] The First Step Act of 2018 amended such statutory provision to allow inmates
to directly petition this Court for compassionate release; prior to 2018,
the BOP had to initiate the motion in this Court.

informed this Court that his father has passed away.   ECF No. 311.
Defendant's well-written letter to the Court acknowledges that
Defendant has no one but himself to blame for being incarcerated
while his father's health was failing, and the Court credits this
letter, as well as Defendant's other filings, as accurately
reflecting Defendant's <u>legitimate</u> efforts to provide care for his
father.   While the Court has no reason to question Defendant's
sincerity, based on the current record, Defendant's motion seeking
compassionate release on this basis is **DENIED**.[2]

As to Defendant's effort to secure release due to the risk
posed by COVID-19, Defendant's motion fails to demonstrate that:
(1) Defendant faces an elevated risk of severe illness or death
from COVID-19 due to his age or pre-existing medical condition; or
(2) that Defendant, having already contracted COVID-19 while
incarcerated, is currently at a high risk for developing life
threatening complications from COVID-19.   Defendant's age (43) does
not create a materially elevated risk of hospitalization or death

---

[2] The Court notes, for Defendant's benefit, that even if his father had not
passed away, the Court would have denied Defendant's motion on this basis
because: (1) as argued by the Government, an ailing elderly parent's need
for care generally does not present the same "extraordinary" circumstance as
a dependent child or incapacitated spouse; and (2) the record fails to
include evidence demonstrating that Defendant's father lacked the ability to
obtain adequate daily care (whether through private or public support) and/or
lacked the ability to obtain care from some other family member, such as
Defendant's adult child.   The Court does not suggest that it lacks authority
to grant compassionate release on this basis, <u>cf.</u> <u>United States v. McCoy</u>,
No. 20-6821, 2020 WL 7050097 (4th Cir. Dec. 2, 2020), nor that the need to
care for an ailing parent can never be a valid basis for compassionate
release, noting instead only that, on this record, the Court would not have
granted Defendant's motion.

due to COVID-19, <u>see</u> https://www.cdc.gov/coronavirus/2019-ncov/
need-extra-precautions/older-adults.html (last visited Dec. 4,
2020), and Defendant has failed to demonstrate that he suffers from
any underlying chronic medical conditions recognized by the CDC as
increasing the risk of life-threatening complications, <u>see</u>
https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/
people-with-medical-conditions.html (last visited Dec. 4, 2020).
The Court credits Defendant's representations regarding the
legitimacy of his current need for ongoing medical care, which as
Defendant claims, appears to stem from his prior COVID-19
diagnosis. However, the fact that Defendant is currently suffering
from lingering effects of COVID-19, including persistent headaches,
does not rise to the level of an "extraordinary and compelling"
reason justifying compassionate release.[3]  <u>Cf.</u> <u>United States v.
White</u>, -- F. Supp. 3d --, No. 2:07cr150, 2020 WL 1906845, at *1
n.2 (E.D. Va. Apr. 17, 2020) (noting that "in the context of the
COVID-19 outbreak, courts have found extraordinary and compelling
reasons for compassionate release when an inmate shows both a
<u>particularized susceptibility to the disease</u> and a particularized
risk of contracting the disease at his prison facility" (emphasis

---

[3] To the extent that Defendant seeks to challenge his conditions of
confinement, and/or the adequacy of his access to adequate medical care,
such challenges must generally be pursued administratively prior to being
pursued in federal court, and they must be filed with the district court in
the place of Defendant's confinement, not with the sentencing court.

added) (quoting United States v. Feiling, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020))).

Defendant is commended for his participation in various courses during his period of incarceration, and the Court encourages him to continue working toward his rehabilitation. However, Defendant's rehabilitation and limited criminal history do not amount to an "extraordinary and compelling" reason justifying release. Cf. Poulios v. United States, No. 2:09cr109, 2020 WL 1922775, at *2 (E.D. Va. Apr. 21, 2020) ("[P]etitioner's rehabilitation standing alone does not provide sufficient grounds to warrant a sentence modification." (citing 28 U.S.C. § 994(t))).[4]

For the reasons stated above, Defendant's compassionate release motion is **DENIED**. ECF No. 294. The Clerk is **DIRECTED** to forward a copy of this Order to Defendant and to counsel for the Government.

**IT IS SO ORDERED.**

/s/ _____

Mark S. Davis
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
December __4__, 2020

---

[4] The Court has considered Defendant's arguments regarding the equity of the length of his sentence, to include the fact that Defendant had a very limited criminal record prior to his drug trafficking offense. However, not only was Defendant's federal offense very serious, but his failure to accept responsibility for his involvement in the methamphetamine conspiracy, coupled with his obstruction of justice, had a notable impact on the advisory Guideline range and sentence in this case.